# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

HOSEA MOULTRIE,

    Plaintiff,

v.

    Case No.:

LIFE INSURANCE COMPANY
OF NORTH AMERICA, INC.,

    Defendant.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, HOSEA MOULTRIE (hereinafter, "Plaintiff"), by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, INC. (hereinafter, "Defendant"/"CIGNA"), and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. Section 1001, Et Seq. ("ERISA"). Plaintiff seeks to recover benefits he claims are due to him under the ERISA governed plan pursuant to 29 U.S.C. §1132(a)(1)(b) ("ERISA"). More specifically, Plaintiff seeks long-term disability benefits under his former employer's group policy issued by Defendant which he claims has been wrongfully denied.

## **PARTIES**

2. Plaintiff, HOSEA MOULTRIE, is and at all times material hereto was, an adult resident citizen of Santa Rosa County, Florida.

3. Defendant is, and at all times material hereto was, a foreign for-profit corporation incorporated under the laws of the State of Pennsylvania and authorized to engage and engaging in business within the State of Florida, including the Northern District of Florida.

4. At all times relevant to this action, Defendant provided insurance long-term disability ("LTD") benefits to Plaintiff pursuant to policy number LK-0980205 ("the Plan").

5. At all times relevant to this action, the Plan was in full force and effect and Plaintiff was a Plan participant.

6. Defendant is in possession of all master Plan Documents.

7. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret Plan provisions and is a Plan fiduciary, or alternatively, is a Plan fiduciary without discretion to interpret Plan provisions.

## BASIS FOR JURISDICTION

8. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. Section 1132(e) and 28 U.S.C. Section 1331.

## FACTS APPLICABLE TO ALL COUNTS

9. Plaintiff purchased through his employer, Navy Federal Credit Union, a contract of salary continuance insurance including LTD benefits.

10. On or before March 14, 2018, Plaintiff became totally disabled from his past employment as defined by the Plan, due to brain damage following a resection of his brain, and other exertional and non-exertional impairments.

11. Plaintiff made application for LTD benefits to the Defendant, and Defendant denied such application.

12. On or about September 10, 2019, Defendant or its agents denied benefits by letter dated September 19, 2019.

13. Plaintiff timely appealed the termination of LTD benefits by the Defendant, by letter dated March 9, 2020 seeking immediate payment of LTD benefits.

14. By letter dated March 20, 2020, Defendant confirmed the receipt of Plaintiff's LTD appeal.

15. Defendant requested, by letter dated May 11, 2020, an additional forty five (45) days to decide the claim.

16. Those forty-five (45) days ended June 25, 2020, and Defendant has not issued any further disability determination. Thus, the claim is due to be deemed denied.

17. Plaintiff continues to suffer from brain damage following a resection of his brain, which renders him disabled from his "Own Occupation" as well as "Any Occupation" as defined by the Plan language.

18. Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

19. Each of Defendant's denials of Plaintiff's claim for LTD benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the Plan, and derogated Plaintiff's right to disability benefits under the terms of the Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated this June 29, 2020.

Respectfully submitted,

*/s/ Daniel M. Soloway*
Daniel M. Soloway, Esq.
Florida Bar No.: 508942
d.soloway@solowaylawfirm.com
*/s/ R. Ian MacLaren*
R. Ian MacLaren, Esq.
Florida Bar No.: 47743
i.maclaren@solowaylawfirm.com
Soloway Law Firm
1013 Airport Blvd
Pensacola, FL 32504
(850) 471-3300 (T)
(850) 471-3392 (P)
Counsel for Plaintiff